Argued and submitted July 2, affirmed August 8, petition for review denied December 27, 2012 (353 Or 127)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JAMES RAY WALKER, JR.,
*Defendant-Appellant.*

Curry County Circuit Court
06CR0062; A145501

284 P3d 576

Andy Simrin argued the cause for appellant. With him on the brief was Andy Simrin PC.

Joanna L. Jenkins, Assistant Attorney General, argued the cause for respondent. With her on the brief were John R. Kroger, Attorney General, and Anna M. Joyce, Solicitor General.

Before Ortega, Presiding Judge, and Haselton, Chief Judge, and Sercombe, Judge.

PER CURIAM

## PER CURIAM

Defendant appeals from a judgment convicting him of driving under the influence of intoxicants (DUII) and reckless driving. Initially, defendant was convicted by a jury of unlawful possession of methamphetamine, ORS 475.894; two counts of DUII, ORS 813.010; and reckless driving, ORS 811.140. Defendant appealed. We affirmed the convictions on unlawful possession of methamphetamine and one count of DUII, but reversed and remanded the judgment as to the other DUII conviction and the reckless driving conviction because the trial court erroneously admitted a lab report. *State v. Walker*, 230 Or App 746, 747, 216 P3d 925 (2009). On remand, a jury found defendant guilty of the remaining DUII charge and the reckless driving charge. Defendant appeals the resulting judgment.

Defendant assigns error to the trial court's denial of his motion to suppress evidence seized during the search of his vehicle. He also assigns error to the trial court's denial of his motion to suppress the results of the analysis of defendant's urine. We reject defendant's first assignment of error without discussion. As to the second, defendant contends that the officer's warrantless seizure and search of defendant's urine sample violated Article I, section 9, of the Oregon Constitution because the exigent circumstances exception to the warrant requirement did not exist in this case. We disagree.

As we recently held in *State v. McMullen*, 250 Or App 208, 213-14, 279 P3d 367 (2012), if police have probable cause to believe that evidence of a controlled substance will be in a suspect's urine, the exigency exception justifies a warrantless seizure and search of the suspect's urine in most cases. As it did in *McMullen*, the exigency exception justified the warrantless seizure and search of defendant's urine in this case.

Affirmed.